UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE COLON, | Civil Action No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| EXPERIAN, | |
| Defendant(s). | |

Plaintiff MELANIE COLON, individually and on behalf of others similarly situated ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant EXPERIAN, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");.

## PARTIES

2. Plaintiff MELANIE COLON is a resident of the State of New Jersey, residing at 33 Coddington Avenue, North Plainfield, New Jersey 07060.

3. Defendant EXPERIAN has a place of business at 701 Experian Parkway, Allen, Texas 75013.

4. EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p et seq. and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to(i) §1681 et seq. as amended, of Title 15 of the United States Code, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FCRA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FCRA.

8. This Class satisfies all the requirements of FCRA for maintaining a class

action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FCRA.

10. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FCRA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FCRA.

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.    Upon information and belief, Defendant has been reporting derogatory and inaccurate information concerning the Plaintiff and the Plaintiff's credit report/history to third parties.

22.    The credit reports as referred to in this complaint are "consumer reports" as that term is defined by 15 USC §1681a(d).

23.    Specifically, the Defendant is reporting inaccurate accounts claimed as JUDGMENT DC00121711, TAX LIEN, AMEX (2 accounts), AURORA BANK and MIDLAND FUNDING.

24.    On June 17, 2015, the Plaintiff sent a credit dispute letter to Defendant and to the two other credit bureaus where erroneous listings appeared.

25.    Plaintiff's letter explained to Defendant that they were reporting inaccurate information.

26.    A copy of Plaintiff's letter to Defendant is attached hereto as Exhibit "A."

27.    On June 17, 2015, Plaintiff sent similar letters to credit bureaus TRANSUNION and EQUIFAX. Copies of said letters are attached hereto as Exhibit "B."

28.    Plaintiff received a letter from Defendant in response to her letter of June 17, 2015.

29.    Defendant's letter dated July 1, 2015 stated: "We received a suspicious

request in the mail regarding your personal credit report and determined that it was not sent by you. Suspicious requests are reviewed by Experian security personnel who work regularly with law enforcement officials and regulatory agencies to identify fraudulent and deceptive correspondence purporting to originate from consumers."

30. A copy of Defendant's letter is attached hereto as Exhibit "C."

31. Plaintiff received a response to her letter to EQUIFAX dated July 23, 2015, acknowledging Plaintiff's letter and making appropriate corrections.

32. A copy of response from EQUIFAX is attached hereto as Exhibit "D."

33. Plaintiff received a response to her letter to TRANSUNION dated July 24, 2015, acknowledging Plaintiff's letter and making appropriate corrections.

34. A copy of response from TRANSUNION is attached hereto as Exhibit "E."

35. Upon information and belief, Defendant's letter stating that Plaintiff's letter was "suspicious" is a mass-produced form letter sent to consumers in order to delay implementing corrections to consumer reports.

36. The Defendant's derogatory and inaccurate information reflects negatively on the Plaintiff, the Plaintiff's credit history and Plaintiff's responsibility as a debtor and credit worthiness.

37. The Plaintiff has disputed the inaccurate, false, and misleading information with the Defendant through the correct procedures established by the Defendant.

38. The Defendant has continued to publish and disseminate the false, inaccurate and misleading information by falsely pretending that Defendant suspects Plaintiff's and consumers' notifications of inaccuracies.